IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GAZIT HORIZONS (MARKETPLACE) LLC | : | Civil Action No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT** |
| | : | |
| ANNTAYLOR RETAIL, INC. d/b/a ANNTAYLOR | : | |
| LOFT | : | |
| | : | |
| Defendant. | : | |

Plaintiff Gazit Horizons (Marketplace) LLC ("**Plaintiff**" or "**Gazit**") by and through its undersigned attorneys, through this Complaint hereby alleges against Defendant AnnTaylor Retail, Inc. d/b/a AnnTaylor Loft ("**Defendant**" or "**Tenant**") as follows:

## NATURE OF THE ACTION

1.      This action seeks monetary damages for Defendant's failure to comply with the terms and conditions of a retail lease for prime retail space in a shopping center commonly known as Marketplace Center, in Boston, Massachusetts, including, but not limited to, failure to pay to Plaintiff the fixed monthly rent and other charges due and owing under the Lease (defined specifically herein).

2.      Plaintiff is the owner and landlord of the building and real property known as Marketplace Center located at 200 State Street, Boston, Massachusetts 02109 (the "**Building**").

3.      In or about February 2004, Defendant entered into a written commercial lease agreement with Marketplace Center Limited Partnership ("**Original Landlord**") (the "**Initial Lease**"). A true and correct copy of the Initial Lease, dated February 2004, is attached hereto as **Exhibit A**.

4.      Pursuant to the First Amendment to Lease, dated as of February 23, 2015, between Marketplace Center Limited Partnership ("**Marketplace Landlord**"), successor in interest to Original Landlord and Plaintiff's predecessor in interest, and Defendant (the "**First Amendment**"), the parties amended the Initial Lease whereby, *inter alia*, extending the lease term and adjusting the base rent (the Initial Lease and the First Amendment are hereinafter collectively referred to as the "**Lease**"). A true and correct copy of the First Amendment, dated February 23, 2015 is attached hereto as **Exhibit B**.

5.      On or about April 24, 2019, Plaintiff entered into an Assignment and Assumption Agreement whereby, all leases subleases, licenses and other occupancy agreements, specifically including the Lease, were transferred to Plaintiff. A true and correct copy of the Assignment and Assumption Agreement, dated April 24, 2019 is attached hereto as **Exhibit C**.

6.      Pursuant to the terms of the Lease, Defendant leased approximately 6,052 square feet of retail space in the Building (the "**Premises**").

7.      Defendant has breached the terms and conditions of the Lease by failing to pay the minimum rent and other charges due under the Lease in the total amount of $253,588.31.

## PARTIES

8.      Plaintiff Gazit Horizons (Marketplace) LLC is a limited liability company, organized under the laws of Delaware, with its principal place of business at 1696 NE Miami Garden Drive, North Miami Beach, FL 33179, and is registered to conduct business in Massachusetts.  Plaintiff is a single member limited liability company, which member is domiciled in Delaware

9.      Defendant AnnTaylor Retail, Inc. d/b/a AnnTaylor Loft is a corporation, organized under the laws of Delaware, with its principal place of business at 933 MacArthur Boulevard, Mahwah, NJ 07430, and is registered to do business in Massachusetts.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1). Complete diversity of citizenship exits between Plaintiff and Defendant and the amount in controversy exceeds the sum or value of $75,000.

11.      This Court has personal jurisdiction over Defendant because it is registered to conduct business in this District and many of the acts and transactions giving rise to this action occurred in this District.

12.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391. The events or omissions giving rise to the claims in this action occurred in this judicial district and the premises that are the subject of the lease are situated in this judicial district.

## FACTUAL ALLEGATIONS

**Relevant Provisions and Breach of the Lease Agreement**

13.      Pursuant to the terms of the Lease, in consideration for possession and use of the Premises, Defendant covenanted and agreed to pay certain rent and additional rent to Original Landlord, Marketplace Landlord, and its successors and assigns, including Plaintiff, on the first day of each month, in the amounts specified in the Lease.

14.      Pursuant to the terms of the Lease, Defendant had an absolute and unconditional obligation to pay to Plaintiff the rent due and owing thereunder, without any offset, abatement or deduction whatsoever.

15.     Article 5.2 of the Lease provides that Tenant shall pay Annual Basic Rental (as defined therein) in "equal monthly installments of one-twelfth (1/12th) of each annual sum, in advance, on the first day of each calendar month…."

16.     Article 5.1 of the Lease provides that Tenant shall also pay Additional Rental, as defined therein as "all additional sums, charges, or amounts of whatever nature to be paid by Tenant to Landlord under this Lease, whether or not such sums, charges or amounts are referred to as additional rental."

17.     Furthermore, pursuant to Article 18.2 of the Lease, Plaintiff is entitled to costs and attorneys' fees arising from litigation it commences against Defendant in connection with the Lease.

18.     Article 18.2(g) of the Lease specifically states:

> In the event of any litigation involving this Lease the prevailing party in any litigation shall be entitled to recover from the other party on demand the costs and expenses (including attorney's fees) incurred by the prevailing party in connection therewith.

**Tenant's Breach of the Lease Agreement**

19.     In breach of Defendant's obligations under the Lease, Defendant has failed and refused to pay Plaintiff the fixed monthly rent and other charges due and owing under the Lease for the months of April, May, and June 2020 in the amount of $253,588.31.

20.     By notice of default dated, April 13, 2020, Plaintiff notified Defendant of its default under the Lease and demanded that Defendant cure the default by promptly paying the past due amounts. A true and correct copy of the Notice of Default, dated April 13, 2020 is attached hereto as **Exhibit D**.

21.     By subsequent notice of default dated, May 6, 2020, Plaintiff notified Defendant of its further default under the Lease and demanded that Defendant cure the default by promptly

paying the past due amounts. A true and correct copy of the Notice of Default, dated May 6, 2020 is attached hereto as **Exhibit E**.

22.     By further subsequent notice of default dated, June 4, 2020, Plaintiff notified Defendant of its further default under the Lease and demanded that Defendant cure the default by promptly paying the past due amounts. A true and correct copy of the Notice of Default, dated June 4, 2020 is attached hereto as **Exhibit F**.

23.     Defendant failed and refused and continues to fail and refuse to pay any of the past due amounts and cure the default under the Lease.

24.     By reason of the foregoing, $253,588.31 is presently due and owing to Plaintiff from Defendant.

## COUNT I
## BREACH OF CONTRACT

25.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in the foregoing paragraphs, as if they were fully set forth herein.

26.     The Lease is a valid, binding contract between Plaintiff and Defendant.

27.     Plaintiff complied with its obligations under the terms of the Lease, and has performed any and all conditions on its part to be performed, as required by the Lease.

28.     Defendant failed to comply with the terms and conditions of the Lease.

29.     Specifically, in breach of Defendant's obligations under the Lease, Defendant has defaulted under the Lease by failing to pay to Plaintiff rent and other charges in the amount of $253,588.31, which comprises of base rent in the amount of $50,115.60 per month, for the months of April, May, and June 2020, plus other charges in the amount of $103,241.51.

30.     By reason of the foregoing, Defendant is liable to Plaintiff for money damages in the amount of at least $253,588.31, through the date hereof, together with interest thereon.

31.     Further pursuant to the terms of the Lease, Defendant is liable to Plaintiff for all attorneys' fees and costs incurred in connection with the prosecution of this action.

32.     Plaintiff has commenced this action against Defendant in order to enforce its rights and remedies under the Lease, including, but not limited to, the right to receive and recover all rent and other charges due and owing thereunder.

33.     Plaintiff has incurred, and will continue to incur, expenses in the form of, *inter alia*, attorneys' fees and expenses as a result of Defendant's default of its payment obligations pursuant to the Lease, the precise sum of which will be determined at trial or earlier conclusion of this action.

34.     By reason of the foregoing, Defendant is liable for Plaintiff's expenses and legal fees under the terms of the Lease.

35.     Plaintiff reserves the right to obtain a money judgment for damages for all rent and attorneys' fees and expenses due and owing under the Lease through and including the date of judgment.

36.     Accordingly, Plaintiff is entitled to judgment against Defendant for attorneys' fees and costs incurred in prosecuting this action, in an amount to be determined at trial or earlier conclusion of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court grant judgment in its favor and against Defendant as follows:

a)      On the First Cause of Action, an award of damages in an amount to be determined at trial, but in no event less than $253,588.31;

      b)      Awarding Plaintiff pre- and post-judgment interest at the maximum rate permitted by law;

      c)      Awarding Plaintiff its attorneys' fees, costs, and expenses incurred in connection with Defendant's default and in this civil action; and

      d)      Such other and further relief as the Court deems just and proper.

Dated: June 23, 2020

Respectfully submitted,

**CASNER & EDWARDS, LLP**

*/s/ Michael J. Goldberg*

Michael J. Goldberg (BBO No. 551869)
John T. Morrier (BBO No. 628624)
Michael A. Bednarz (BBO No. 689047)
303 Congress Street
Boston, MA 02210
(617) 426-5900
goldberg@casneredwards.com
morrier@casneredwards.com
bednarz@casneredwards.com

**HERRICK FEINSTEIN LLP**
William R. Fried*
Audrey C. Sheetz*
2 Park Avenue
New York, NY 10016-9301
(212) 592-1400
wfried@herrick.com
asheetz@herrick.com
* *Pro hac vice* applications to be filed

*Attorneys for Gazit Horizons*
*(Marketplace) LLC*

61823.00000/803655.1

HF 13363285v.1